IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Adrian Vasquez,<br><br>              Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>              Respondents. | No. CV-14-0896-PHX-NVW (DKD)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE NEIL V. WAKE, UNITED STATE DISTRICT JUDGE:

      Adrian Vasquez filed a Petition for Writ of Habeas Corpus challenging his conviction, pursuant to a plea agreement, in Maricopa County Superior Court for manslaughter. His Petition alleges that he received ineffective assistance of counsel and was improperly induced into accepting a plea agreement. Respondents contend that his petition is untimely and that, even if timely, it would fail on the merits. As explained below, the Court recommends that Vasquez's petition be denied and dismissed with prejudice.

## BACKGROUND

      In November 2009, Vasquez was indicted in Maricopa County Superior Court for one count of manslaughter for the death of Antonio Lugo. (Doc. 9, Ex. A) Vasquez, through counsel, moved *in limine* to exclude evidence and for a voluntariness hearing. (Doc. 9, Exs. C, D, E) The Superior Court conducted a settlement conference and gave

Vasquez an advisory pursuant to *State v. Donald*, 10 P.3d 1193 (Ariz. App. 2000).  (Doc. 9, Ex. F)  Several weeks later, Vasquez signed a plea agreement whereby he agreed to plead guilty to one count of manslaughter.  (Doc. 9, Ex. G)  He initialed his acknowledgement that his minimum sentence would be five years.  (Doc. 9, Ex. G)  The Superior Court then held a change-of-plea hearing where the Court reviewed the plea agreement with Vasquez and advised him on the range of his possible sentence, the availability of parole, any special conditions of sentencing and probation, and his pertinent constitutional rights and rights of review.  (Doc. 9, Ex. H)  Vasquez then entered a plea of guilty to the count of manslaughter.  (*Id.*)

The Superior Court received a sentencing memorandum and additional supporting documents from Vasquez, a presentence investigation report, and statements from the victim's family.  (Doc. 9, Exs. B, I, J)  On May 10, 2010, the Superior Court held a sentencing hearing.  (Doc. 9, Ex. K)  At this hearing, the Court found that Vasquez had knowingly, intelligently, and voluntarily waived all pertinent constitutional and appellate rights and entered a plea of guilty.  (*Id.*)  The Court sentenced Vasquez to 8.5 years.  (*Id.*)

On June 23, 2010, Vasquez timely filed a notice of post-conviction relief and he was appointed counsel.  (Doc. 9, Exs. L, M)  After his counsel notified the Court that she would not file a petition because she was unable to find any claims for relief, Vasquez filed a *pro per* Petition for Post-Conviction Relief raising six claims related to alleged promises made to him during his plea proceedings, including that he would receive a five year sentence.  (Doc. 9, Exs. N, O, P)  At the completion of briefing, the Superior Court dismissed Vasquez's Petition.  (Doc. 9, Exs. Q, R, S, T)  Specifically, the Court found that Vasquez's change of plea and sentencing records showed "no mention of a guarantee of a five year sentence," that no "misrepresentations or trickery was employed to gain his willingness to enter this plea," and that there was "no reason to doubt the validity of the plea he accepted."  (Doc. 9, Ex. T at 2)  The Court further found "no merit to the claim that [Vasquez's] counsel's performance was deficient for any of the reasons stated," that "there is nothing presented to the Court suggesting that there is any prosecutorial

misconduct surrounding this plea agreement or otherwise," and that "the record is clear that [Vasquez] entered into this plea knowingly, intelligently, and voluntarily, that his constitutional rights were not compromised and the sentence was in accordance with the law." (*Id.* at 2-3)

Vasquez's motion for reconsideration was denied and he petitioned the Arizona Court of Appeals for review. (Doc. 9, Exs. U, V, W)  On February 27, 2013, the Court of Appeals denied his petition. (Doc. 9, Ex. W)  Vasquez did not petition the Arizona Supreme Court for review. (Doc. 9 at 7)

On April 21, 2014, Vasquez signed his Petition for Writ of Habeas Corpus and it was filed in this Court on April 28, 2014. (Doc. 1 at 15)  His Petition alleges that he received ineffective assistance of trial counsel. (*Id.* at 6)  He acknowledges that his Petition is untimely but argues that his Petition should be accepted because he had been subjected to a prison-wide lockdown that left him confined to his cell for 24 hours a day for an extended period. (*Id.* at 9)

**Vasquez's Petition for Habeas Relief is Untimely.**

A state prisoner seeking federal habeas relief from a state court conviction is required to file the petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  The period of limitations is statutorily tolled during the time in which a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" in the State courts. 28 U.S.C. § 2244(d)(2).  If a defendant is convicted pursuant to a guilty plea, then the first post-conviction proceeding is considered a form of direct review and the conviction becomes "final" for purposes of Section 2244(d)(1)(A) when the Rule 32 of-right proceeding concludes. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2).") (internal quotation omitted); *Summers v. Schriro*, 481 F.3d

710, 711 (9th Cir. 2007) (conviction pursuant to plea agreement is final on expiration of the time for seeking Rule 32 relief).

On February 27, 2013, the Arizona Court of Appeals denied Vasquez's petition to review the dismissal of his petition for post-conviction relief.  Accordingly, his post-conviction proceedings became final on April 3, 2013, when the time period for filing a petition for review with the Arizona Supreme Court expired, and his one year limitations period began the next day.  Ariz. R. Crim. P. 1.3, 32.4(a); *State v. Savage*, 573 P.2d 1388, 1389 (1978).

Vasquez was required to file his habeas petition in this court by April 4, 2014.  He did not and so his one year period expired; once expired, it could not be revived.  *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").  As he acknowledges, his Petition was not timely filed.[1]

**Vasquez is Not Entitled to Equitable Tolling.**

Vasquez's habeas petition is untimely unless he can show that he is entitled to equitable tolling.  To make such a showing, Vasquez must demonstrate both that he pursued his rights diligently and that some extraordinary circumstance prevented him from filing his petition.  *Holland v. Florida*, 560 U.S. 631, 649 (2010).

Vasquez argues that he encountered extraordinary circumstances that entitle him to equitable tolling; Respondents counter that he has not met his burden of demonstrating any such extraordinary hurdles.  Vasquez's allegations of a long-term, prison-wide, 24-hour lockdown could rise to the level of an extraordinary circumstance that might entitle him to equitable tolling.  The Court agrees that Vasquez has not met his burden of showing that this type of lockdown occurred.  However, even if the Court were to grant Vasquez the opportunity to further develop this claim, he would not be eligible for relief because his habeas petition would fail on the merits.

---

[1] Even looking to the Petition's signature date, not its filing date, does not make this Petition timely. *Miles v. Prunty*, 187 F.3d 1104, 1107, n.2 (9th Cir. 1999) (applying mailbox rule in context of habeas petition).

- 4 -

Vasquez's habeas petition alleges that he received ineffective assistance of counsel during the pre-trial proceedings and plea bargaining. (Doc. 1 at 6-10) The Superior Court reviewed this claim and determined that his claims did not meet the standard for an ineffective assistance of trial counsel claim as described in *Strickland v. Washington*, 466 U.S. 668 (1984). Habeas review would require this Court to determine "whether the state court's application of the *Strickland* standard was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). Here, the Superior Court reviewed the relevant portions of the record, applied the correct legal standard, and found that Vasquez's claims had "no merit." This Court cannot say that this application of *Strickland* was unreasonable.

**IT IS THEREFORE RECOMMENDED** that Adrian Vasquez's Petition for Writs of Habeas Corpus be **denied and dismissed with prejudice**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because dismissal of the petition and amended petition are justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an

order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See* Rule 72, Federal Rules of Civil Procedure.

Dated this 10th day of June, 2015.

David K. Duncan
United States Magistrate Judge